UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EMILY JACOBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:21-CV-410 PLC |
| | ) |
| ETHICON, INC., ET AL., | ) |
| | ) |
| Defendants. | ) |

**Memorandum and Order**

This matter is before the Court following a hearing on Plaintiffs Emily Jacoby and Brandon Jacoby's "Motion for Extension of Time to Respond to Defendants' Motion for Summary Judgment" [ECF No. 79] and "Motion to Voluntarily Dismiss Without Prejudice Pursuant to Rule 41(a)(2) or, Alternatively, for New Scheduling Order" [ECF No. 80]. Defendants oppose both motions [ECF Nos. 84 & 87].

**I.   Motion for Extension of Time to Respond to Defendants' Motion for Summary Judgment**

Defendants filed a motion for summary judgment on July 18, 2022, in compliance with the Court's Case Management Order ("CMO"). [ECF Nos. 16, 75]  On August 8, the deadline for responding to Defendants' summary judgment motion, Plaintiffs filed the instant motion requesting an extension of time. Plaintiffs attribute their need for additional time to: (1) Defendants' failure to produce thousands of pages of requested documents until April and May 2022; (2) Defendants' counsel "refus[al] to speak to Plaintiffs' counsel even though the Court instructed the parties to 'talk' about a new schedule"; and (3) the fact that Plaintiff's counsel "has been on vacation and has been out of his office due to office renovation." Plaintiffs do not specify

1

the length of the desired extension.  Defendants agreed to a same day extension of time, according to Plaintiffs' counsel but, oppose Plaintiffs' request for a lengthen extension of time on the grounds that: (1) Plaintiffs failed to establish good cause to justify their request as required by Rule 16(b); (2) "any opposition filed by Plaintiff would be futile"; and (3) an extension of time would prejudice Defendants.[1]

Rule 16(b) governs the court's "issuance and modification of pretrial scheduling orders[.]" Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 715 (8th Cir. 2008).  The rule specifies that the court must issue a scheduling order which includes limitations on time to file motions, and that "a schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(3)-(4).  "To establish good cause, a party must show its diligence in attempting to meet the [scheduling] order."  Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 759 (8th Cir. 2006).

Under the circumstances, the Court finds good cause for extending the deadline for responding to dispositive motions by forty-five days.  The Court therefore grants Plaintiff's motion for extension of time.

## II. Motion to Voluntarily Dismiss Without Prejudice Pursuant to Rule 41(a)(2) or, Alternatively, for New Scheduling Order

Following a contentious discovery period necessitating three status conferences to address disputes concerning, among other things, protective orders, document production, and selection of a neutral, Plaintiff filed the instant motion to voluntarily dismiss without prejudice.  [ECF No. 80] Plaintiffs assert that voluntary dismissal without prejudice is appropriate because Defendants' "improper discovery avoidance and delays" precluded Plaintiffs from designating an expert witness within the time provided by the CMO.  Plaintiffs further assert that voluntary dismissal

---

[1] At the hearing, counsel for all parties acknowledged that extending the deadline for response to summary judgment will require amending the CMO.

would not prejudice Defendants.

Plaintiffs' motion requests, in the alternative, a new scheduling order, claiming that good cause exists because Plaintiffs diligently pursued discovery.  At the hearing, however, Plaintiffs' counsel informed the Court that his clients prefer a new scheduling order and only wish to voluntarily dismiss their claims in the event the Court declines to amend the CMO.

Defendants oppose Plaintiffs' motion for voluntary dismissal or a new scheduling order. [ECF No. 87]  Defendants assert that Plaintiffs failed to provide a proper explanation for their request to voluntarily dismiss their claims seventeen months into litigation.  Defendants further suggest that Plaintiffs' motion for voluntary dismissal is an effort to avoid an unfavorable ruling on Defendants' timely-filed motion for summary judgment and that dismissal "[a]t this late stage of litigation … would be unfair and unduly prejudicial" to Defendants.  Finally, Defendants urge the Court to deny Plaintiffs' alternative request for a new scheduling order because Paintiffs did not establish good cause as required under Fed. R. Civ. P. 16(b)(4).

Rule 41(a)(2) provides that a district court may dismiss an action at the plaintiff's request and "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2)   "A decision whether to allow a party to voluntarily dismiss a case rests upon the sound discretion of the court."  Hamm v. Rhone-Poulenc Rorer Pharms., Inc., 187 F.3d 941, 950 (8th Cir. 1999).  When ruling on a Rule 41(a)(2) motion, courts must consider "whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants."  Tillman v. BNSF R.R. Co., 33 F.4th 1024, 1027 (8th Cir. 2022) (quoting Donner v. Alcoa, Inc., 709 F.3d 694, 697 (8th Cir. 2013)).  See also Wagstaff & Cartmell, LLP v. Lewis, 40 F.4th 830, 840 (8th Cir. 2022).  "When a federal case has progressed to the point where a decision adverse to a plaintiff is imminent, such as [a motion for

summary judgment], 'a party is not permitted to dismiss merely to escape an adverse decision.'" Id. (quoting Hamm, 187 F.3d at 950).

Applying the factors identified by the Eighth Circuit, the Court finds that voluntary dismissal without prejudice is not appropriate. This case has been pending for nearly seventeen months, the period for discovery is closed, Defendants have filed a motion for summary judgment, and the case is set for trial in four months. Dismissal at this late stage of the litigation would prejudice Defendants and waste judicial time and effort. See, e.g., Mossman v. Cogle, No. 4:21-CV-247 SEP, 2022 WL 1185201 (E.D. Mo. Apr. 21, 2022) (denying Rule 41(a)(2) motion because the plaintiff was not diligent in conducting discovery and dismissal "at this juncture would be unduly prejudicial given the amount of litigation that has already occurred in this case); Drahos v. Budget Rent a Car Sys., Inc., No. 4:19-CV-921 SNLJ, 2020 WL 6075703 (E.D. Mo. Oct 10, 2020) (denying Rule 41(a)(2) motion because the plaintiff appeared to be trying to avoid federal jurisdiction and the upcoming trial date); Calhoun v. Wal-Mart, No. 4:06-CV-683 CDP, 2007 WL 1289792 (E.D. Mo. May 1, 2007) (denying Rule 41(a)(2) motion where "case was filed over a year ago, the period for discovery is closed, mediation has failed, [ ] the case is set for trial in a few months," and the defendant "has incurred the expense of filing a substantive summary judgment motion in compliance with the dispositive motion deadline"). The Court therefore denies Plaintiffs' motion to voluntarily dismiss the case without prejudice.

In regard to Plaintiffs' request for a new scheduling order, the parties' counsel acknowledged at the hearing that extending the deadline for responses to dispositive motions will require amending the CMO. In light of the decision to grant Plaintiffs' motion for extension of time to respond to Defendants' motion for summary judgment, the Court will amend the CMO to account for the forty-five day extension of the deadline to respond to the Motion for Summary

Judgment. As discussed at the hearing, the Court will also permit the parties to reopen discovery to allow Plaintiffs' counsel to depose Defendants' designated corporate representative.[2]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' "Motion for Extension of Time to Respond to Defendants' Motion for Summary Judgment" [ECF No. 79] is **GRANTED**. The Court grants Plaintiffs an additional forty-five days, or until **September 22, 2022**.

**IT IS FURTHER ORDERED** that the Court will reopen discovery for the limited purpose of allowing Plaintiffs to depose the corporate representative(s) of Defendants Ethicon, Inc. and Ethicon Endo-Surgery, Inc.

**IT IS FURTHER ORDERED** that Plaintiffs' "Motion to Voluntarily Dismiss Without Prejudice Pursuant to Rule 41(a)(2) or, Alternatively, for New Scheduling Order" [ECF No. 80] is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that the Court **DENIES** Plaintiffs' request to voluntarily dismiss their claims pursuant to Fed. R. Civ. R. 41(a)(2).

**IT IS FINALLY ORDERED** that the Court will amend the Case Management Order [ECF No. 16]. A separate Amended Case Management Order will follow.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 25th day of August, 2022

---

[2] Defense counsel represented at the hearing that he would designate one corporate representative for all defendants.